UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TRACIE M. WADE, </br></br> Plaintiff </br></br> vs. </br></br> MICHAEL J. ASTRUE, </br> COMMISSIONER OF SOCIAL </br> SECURITY, </br></br> Defendant | CAUSE NO. 1:07-CV-132 RM |

## OPINION AND ORDER

Tracie Wade seeks judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. §§ 423 and 1381 et seq.. The court has jurisdiction over this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, the court reverses the Commissioner's decision and remands the case.

BACKGROUND

In her applications for benefits, Ms. Wade alleged an onset of disability as of August 1, 2002 due to bipolar disorder, asthma, and sinusitis. Her applications were denied initially, on reconsideration, and following an administrative hearing at which she was represented by counsel.

At the hearing, the administrative law judge heard testimony from Ms. Wade, her mother, Sarah Hartley, and a vocational expert, Robert Bond. Using the standard five-step sequential evaluation, *see* 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found that Ms. Wade had severe bipolar disorder and post traumatic stress disorder, but didn't have a severe physical impairment or an impairment or combination of impairments that met or medically equaled one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4.

The ALJ found that both Ms. Wade's and Ms. Hartley's testimony regarding her mental impairment and the limitations it imposed was not entirely credible because it was inconsistent with the objective medical evidence and Ms. Wade's daily activities, and that Ms. Wade retained the residual functional capacity to perform simple, repetitive tasks that didn't involve working with the public or in close proximity to, or cooperatively with, others. Although such limitations precluded performance of her past relevant work, the ALJ found that Ms. Wade was still capable of performing a significant number of other jobs in the national economy. Relying on the testimony of vocational expert Robert Bond, the ALJ concluded that Ms. Wade could work as a laundry folder, hand washer, or classifier and so wasn't disabled within the meaning of the Act. See 20 C.F.R. §§ 404.1520(g) and 416.920(g).The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Ms. Wade's request for review. <u>Fast v. Barnhart</u>, 397 F.468, 470 (7th Cir. 2005). This appeal followed.

Ms. Wade contends that the ALJ's decision was not supported by substantial evidence because he erroneously relied on unsigned state agency reports, didn't perform a complete evaluation of the medical opinions that were offered, didn't perform a proper credibility analysis, and didn't discuss substantial evidence that supported disability. She asks the court to reverse the Commissioner's decision and either award benefits or remand her case for a new hearing.

STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the court must affirm the Commissioner's determination if it is supported by substantial evidence, see Clifford v. Apfel, 227 F.3d 863, 869 (7th Cir. 2000), which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The substantial evidence analysis prevents the court from "reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility"—in short, substituting its own judgment for that of the Commissioner, Williams v. Apfel, 179 F.3d 1066, 1071-1072 (7th Cir. 1999); accord Powers v. Apfel, 207 F.3d 431, 434-435 (7th Cir. 2000)—but the court will not simply "rubber-stamp the Commissioner's decision without a critical review of the evidence." Clifford v. Apfel, 227 F.3d at 869.

DISCUSSION

Ms. Wade contends that the ALJ erred by relying on three unsigned state agency reports to support the decision and giving greater weight to those opinions than to the opinions of her treating psychiatrist and psychologist, Dr. Geeta Bisht and Marlene Parker, Ph.D. She says the state agency reports in question — a mental residual functional capacity assessment, a psychiatric review technique form, and mental residual functional capacity assessment form — weren't properly signed by the medical consultants who allegedly completed or endorsed them, in violation of the Commissioner's own Procedural Operations Manual. That manual requires that the medical consultant or physician consultant who conducted the analysis and completed the psychiatric review technique and/or mental residual functional capacity assessment form sign the form to attest that he or she is responsible for its content, and that the medical consultant be a psychiatrist or a psychologist, if the determination is less than fully favorable. Procedural Operations Manual §§ DI 24505.025(F)(4), DI 24510.060(A)(2)(a), and DI 24510.060(B)(4)(d). The manual requires "an actual, physical signature," and provides that a typed name "on an electronic message or worksheet is not considered a true signature." Procedural Operations Manual § DI 26510.089(B)(4).

Ms. Wade's mental residual functional capacity assessment contained no name (signed or printed) in the space provided for the medial consultant's signature, and was not dated. The psychiatric review technique form was dated October 27, 2005, but simply had "Shipley William" typed in the space provided for the medical consultant's signature. The March 14, 2006 mental residual

4

functional capacity assessment form had "James Gange" typed in the space provided for the medical consultant's signature. Ms. Wade contends that without the required signatures the reports were unreliable.

The Commissioner contends that the October 2005 psychiatric review technique form and the March 2006 mental residual functional capacity assessment are reliable because they included typed signatures, and both William Shipley and James Gange completed disability determination and transmittal forms that bore their original signatures, identified them as Ph.D.s, and showed that they "completed or endorsed the opinions and findings expressed in the state agency reviewing physician medical source forms." The Commissioner cites no authority for the implied assertion that the evaluation forms needed no original signature (contrary to the agency's procedural manual), or that the ALJ could ignore those policies and procedures and give greater weight to unauthenticated state agency physicians' opinions than to opinions from Ms. Wade's treating psychiatrist and psychologist.

The ALJ's evaluation of the opinions offered by Ms. Wade's treating psychiatrist and psychologist is flawed not only because he weighed them against the unauthenticated and potentially unreliable opinions of the state agency consultants, but because there's no indication he considered the factors set out

in 20 C.F.R.§§ 404.1527 and 416.927 and SSR 96-2p,[1] and made no findings at all with respect to Dr. Parker's opinions.

The ALJ found that Ms. Wade and her mother weren't entirely credible because their testimony wasn't consistent with the objective medical evidence or with the claimant's daily activities. But as already noted, the ALJ's analysis of the medical evidence was not supported by the evidence or adequate reasoning. His credibility determination rests, at least in part, on that flawed analysis, and so is subject to reconsideration.

The issue for this court isn't whether Ms. Wade is disabled or whether the record contains evidence to support a finding of disability, but whether substantial evidence supports the ALJ's decision. Cass v. Shalala, 8 F.3d 552, 555 (7th Cir. 1993). It does not, and a remand is in order. Nothing in this opinion should be read to imply an outcome on remand.

CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is REVERSED and the case REMANDED for further proceedings.

SO ORDERED.

---

[1] 20 C.F.R. §§ 404.1527(d) and 416.927((d) provide that all of the following factors must be considered in deciding the weight given to any medical opinion: (1) examining relationship, (2) treatment relationship (including the length of the relationship and frequency of examination, nature and extent of the relationship), (3) supportability, (4) consistency, (5) specialization, and (6) other factors which tend to support or contradict the opinion.

ENTERED:   October 7, 2008

                                      /s/ Robert L. Miller, Jr.
                                    Chief Judge
                                    United States District Court